No. 16,631.

EDMUNDS ET AL. *v.* ALLEN ET AL.

(231 P. [2d] 962)

Decided May 14, 1951.

Mr. H. E. BRAYTON, for plaintiffs in error.

Messrs. SEAVY & SEAVY, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFFS in error seek a reversal of a judgment against them based on a $2,000 note given as part purchase price of real and personal property, for which they had contracted with defendants in error.

Defendants in error, the Allens, as owners of real property in Avondale, Pueblo county, Colorado, with a residence and shop thereon, entered into a form of written agreement for the sale of the real and personal property with plaintiffs in error, the Edmunds, on

March 10, 1949, the original of which is defendants' exhibit 1. In substance, the agreement provided for an exchange of residence properties between the parties, the above-mentioned $2,000 note being given to balance the trade.

The memorandum of agreement provided that the buyers, the Edmunds, could take possession of the shop immediately, and possession of the residence seven days after the deal was finally closed. As a special condition of the memorandum of agreement, "Bill of sale shall be given on all stock and equipment," and further that the sale was to be by contract, all to be handled through a real-estate agent representing Allens; the sellers.

The Allens were in possession of the property involved under a contract of purchase dated February 4, 1946 with Victor G. Park and Caroline M. Park, evidenced by a written agreement for the sale and purchase of property and attached thereto a six-page inventory list of chattel property, apparently stock and equipment contained in the shop located on the premises and which is in the record as defendants' exhibit 2.

As would appear from the exhibits, on April 9, 1949, about a month after the original memorandum of agreement, the Allens, apparently at the time of closing the deal with the Edmunds, plaintiffs in error, assigned all of their right, title and interest in and to their purchase agreement to the Edmunds, and by this assignment, authorized and empowered the Edmunds, upon their performance of the covenants and conditions, to demand and receive deed and bill of sale covenanted to be given in the agreement of purchase which they were assigning.

On October 7, 1949, the Edmunds, not having paid the $2,000 note, being the balance of the purchase price which was due September 10, 1949, the Allens, the sellers, filed this suit on the note. In due course, the Edmunds, as defendants, answered and much is made that the answer contained a counterclaim. However, the original answer is not in the record; but on leave of court

during the trial, they filed an amended answer, admitting the validity of the note in question, but claimed they were entitled to an accounting from the plaintiffs as to certain personal property which had been removed from the premises by the Allens, the sellers and plaintiffs; further alleging that they were ready, willing and able to make payment of the note upon performance by the plaintiffs of the obligations imposed upon them by the terms and conditions of the agreement of sale and purchase; alleging further that the bill of sale of the personal property had never been delivered to them by plaintiffs.

In a short pre-trial conference just before the beginning of the trial, it was determined that, since defendants had pleaded confession and avoidance, the burden was on them to show the avoidance, and they should open and close the case. Thereupon it appeared from defendants' evidence adduced immediately thereafter that they did not take possession of the residence property for about thirty days after the date of the memorandum of sale and purchase, but did take immediate possession of the shop and the stock and equipment. However, it was disclosed that Allens, the sellers, retained a key to the shop and defendants, in their amended answer, alleged the taking of certain of the chattel property and equipment and some of the household goods; and in some instances, sold and disposed of same after the date of the agreement for sale and purchase. Apparently, for the reason that defendants did not, to the satisfaction of the trial court, establish the value of the articles taken, or show that there was a specific agreement that the articles were to be included in the sale, and for the further reason that the court considered the memorandum of agreement for sale and purchase too vague in its terms and conditions, the trial court granted plaintiffs' motion for a judgment on the complaint for the full amount of the note and interest thereon.

While it was originally understood that motion for

new trial would be dispensed with, defendants filed a motion for a new trial directed especially to a modification and amendment to the order and judgment of the court for the reason that the court failed to find from the undisputed evidence that under the written contract of the parties (Exhibit 1) plaintiffs were obligated to execute and deliver to the defendants a bill of sale on all the stock and equipment in the shop so purchased by defendants, and that the court was in error in failing to order as a condition for the payment of the note issued thereon, that plaintiffs make and execute such bill of sale. This motion for new trial was denied.

There is no denial of the allegations of defendants' answer other than that of counsel for plaintiffs. From an examination of the exhibits as they relate to the pleadings, we find no direct reference to the inclusion of some of the articles of stock and equipment alleged by defendants to have been taken and appropriated to their own use or profit, unless it is to be found in the original contract of sale to plaintiffs, which could bear the interpretation that it was a sale of the real property, being a residence and shop, with some personal property as listed. This original contract was assigned by plaintiffs to defendants by plaintiffs' exhibit B, with specific directions that defendants, the Edmunds, could demand "the deed and bill of sale covenanted to be given in said agreement * * *." Neither do we find any reservations of any particular chattels or equipment to plaintiffs. If the express condition of the assignment, as well as the memorandum of agreement for sale and purchase between plaintiffs and defendants was carried out, then defendants would be in possession of a bill of sale for certain stock and equipment and in the further position to request and demand delivery according to the items included in the bill of sale as provided or have their remedy therefor.

We believe that upon the record before us, the court was in error in denying the motion for modification of

the judgment to the end that the judgment be conditioned upon the making and delivery to defendants the bill of sale as provided for in exhibit 1.

Accordingly, the cause is remanded with directions to so modify the judgment.

MR. CHIEF JUSTICE JACKSON and MR. JUSTICE HAYS concur.